CROZIER (UNITED STATES v.). See Case No. 14,896.

## Case No. 3,452.

### CRUDER v. PENNSYLVANIA INS. CO.

[2 Wash. C. C. 339.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1809.

MARINE INSURANCE—DEVIATION—UNSEAWORTHINESS.

1. Although the unseaworthiness of the vessel, occasioned by want of men, at the time the risk commences, may not vacate the policy, provided she is seaworthy when the voyage commences; yet she cannot go out of her course, after the commencement of the voyage, to supply such want.

2. It is not an excuse for a deviation, that there was a sufficient number of hands to navigate the vessel to a port, where the necessary addition to the crew could be obtained for the whole voyage; such port not being in the course of the voyage, and the want of hands existing before the commencement of the voyage insured. The vessel should be fitted for the voyage insured, at the time of her departure.

This case—2 Wash. C. C. 262 [Case No. 3,453]—was tried again in this court, and argued upon the same evidence, much as on the former trial; except that on the part of the defendant, it was contended that it did not appear by any evidence in the cause, that the loss of the mate and men took place after the cargo was taken on board, and consequently while the property was at the risk of the underwriters.

The plaintiff's counsel insisted, that the brig was sufficiently manned at the time she left St. Lucia, to go to St. Bartholomew's,

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

though not for the whole voyage, which was sufficient; and, besides, that the report in New-York, that she was going to St. Kitt's to get hands, was communicated to the underwriters when the order for insurance was given.

WASHINGTON, Circuit Justice (charging jury). When this case was formerly tried, the court stated to the jury, that if the accident happen while the property was at the risk of the underwriter, and cannot be repaired at the port of her departure, the vessel may go to the nearest port where the damages can be repaired, without prejudice to the insurance; and that, in doing so, the case is the same as if she had repaired at the place of departure. The deviation is as excusable as if the accident had happened during the voyage. To this opinion the court adheres. But, at that time, considering the fact agreed, that the loss of the men, in this case, did occur after the risk commenced, nothing was said by the court, as to the law, in case the want of seaworthiness existed at the time the risk commenced. As to this, it is our opinion, that though the want of seaworthiness at that time may not vacate the policy, provided she is seaworthy at the time the voyage commences, yet the vessel cannot go out of her course to supply such want. As if, at the time the cargo is taken on board, or the risk in other cases commences, the vessel is not sufficiently manned, she may afterwards, and before the voyage commences, supply that want, yet she cannot excuse a deviation for the purpose of procuring hands.

The court cannot yield its assent to two propositions laid down by the plaintiff's counsel: First; that the want of seaworthiness for the voyage forms no objection, if she was seaworthy to the port to which she deviated, and afterwards for the residue of the voyage. The answer is, that the deviation itself, in such case, is without excuse, because she ought to have been fitted for the voyage at the time of her departure, unless prevented by an accident, occurring after the risk commenced. Secondly; that the defendants had notice of the want of hands, before the insurance was made. But the report stated to the underwriters, as prevailing at New-York, that there was a deficiency of hands, was accompanied by the additional circumstance that this want was to be supplied at St. Kitt's, which was not true. The notice, therefore, amounted to nothing, unless in fact she had gone to St. Kitt's. Upon this point, then, the jury must be satisfied that the loss of the men happened after the risk commenced, or otherwise the deviation to St. Bartholomew's cannot be excused. If they are satisfied upon that point, in favour of the plaintiffs, they will then inquire whether, upon the evidence in the cause, St. Bartholomew's was the nearest port at which hands could be procured; and in deciding this point, some allowance ought to be made for the reasonable discretion which the captain, (though the agent of the owner,) is permitted fairly to exercise.

MARINE INSURANCE—DEVIATION—UNSEAWORTHINESS.